IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JAMES DURAN,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:03-CR-139-DAK**<br><br>**Judge Dale A. Kimball** |

  On January 22, 2024, the court received a request from Defendant seeking early termination of his supervised release. On December 21, 2005, this court sentenced Defendant to 240 months incarceration and 120 months of supervised release. Defendant began serving his term of supervised release on March 1, 2022. He has served almost two years of his ten-year term. The United States opposes Defendant's motion, arguing that it is too early for termination of the ten-year term. The United States asserts that the court should not consider early termination until Defendant has completed at least 36 months with no violations. Defendant's United States Probation Officer has provided the court with a supervision summary and similarly recommends that the court not grant early termination of supervised release at this time.

  Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that Defendant has been fully compliant, completed all active conditions of supervision, maintained gainful employment, paid off his financial obligations, and been removed from the contracted drug testing as a reward for not testing positive for illegal substances. Defendant's motion was also accompanied by letters from his siblings indicating that he is close with his family and a means of support for them. Defendant has taken many positive steps, while incarcerated and on supervised release, to turn his life around.

Despite these positive steps, the court believes that Defendant will benefit from continued supervision. The court agrees that it is too early in his term of supervised release to consider terminating supervision. Defendant should continue to have constructive communication with his probation officer regarding his progress. He appears to be on a promising path forward. The court is willing to reconsider early termination when Defendant has reached 36 months with no violations. At this time, however, the court denies Defendant's motion for early termination of supervised release.

Dated this 6th day of February 2024.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge